Dykman, J.
The relator was a member of the police department of the city of Brooklyn, and after his trial and conviction, he was dismissed from the police force on the 23d day of December, 1881.
On the 28th day of March, 1882, the relator applied for a. writ of certiorari to review the proceedings, which resulted in his removal, and the writ was allowed on the 10th day of April, 1882.
■ No return having been made to the said writ, on the 23d day of January, 1883, the relator applied for an order directing the respondent to file a return to the writ.
That application was denied, and the relator has appealed from the order.
It appears from the statement already made, that the writ of certiorari was not granted and served within thirty days after the relator was notified of his removal, and the position of the respondent now is, that the writ was improperly allowed, because the time in which application should have been made for the same, had expired under the provisions of chapter 457 of the Laws of 1881.
One of the provisions of that law is that a writ of certiorari to review a determination by the commissioner of police of Brooklyn, to remove a person employed on the police force of that city, for cause, must be granted and served within thirty days after notice to him of such removal.
The relator claims this statute to be either unconstitutional or a provision for an alternative remedy in conjunction with section 2125 of the Code of Civil Procedure, which requires the writ of certiorari to review the determination of an inferior tribunal, to be granted and served within four calendar months after the determination to be reviewed, becomes binding on the relator.
These statutory provisions are not necessarily inconsistent, but they prescribe different limitations, and wé think the portion of chapter 457, of the Laws of 1881, is a special limitation, and of paramount authority in this case.
Neither do we think the act of 1881 falls under the condemnation of the constitution of the state, as embracing more than one subject.
The order appealed from should be affirmed with ten dollars costs and disbursements.